**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SOLOMON GENE CODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV412 AGF |
| | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Solomon Cody (registration no. 1116647), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.99. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average

monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of Plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $0.02.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.99, which is 20 percent of Plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458,

461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs.  Named as defendants are the Department of Corrections, Jennifer Sachse (Warden, MECC), Brenda Short (Assistant Warden, MECC), James Tripp (Correctional Officer, MECC), Michael Cobb (same), Corizon, Inc., July Fipps (Nurse, Corizon), Angela Henderson (same), and John Williams (Physician, Corizon).  Plaintiff seeks monetary relief.

Plaintiff alleges that on July 18, 2011, Tripp started a conversation with Plaintiff and his fellow inmates in the recreation yard and then handed them something that appeared to be tobacco.  Minutes later, says Plaintiff, he became "sick, barely conscious, vomiting profusely, and mentally panicking from thoughts of death."  Plaintiff does not allege, however, that he smoked or ingested the substance appearing to be tobacco.

Plaintiff asserts that another inmate walked by his cell, witnessed him slumping over his chair, and placed an emergency medical call.  Plaintiff says that while nursing staff was trying to read his vital signs Defendant Cobb manhandled him and yelled at him, pressing him for "irrelevant information."

Plaintiff states that Cobb then attempted to force him to walk to the medical unit. Plaintiff says he told Cobb that he could not stand, and he claims that Cobb then "half carried" him to the unit.

Plaintiff avers that after he was questioned by the nursing staff he was placed in solitary confinement. Plaintiff says he was vomiting profusely and barely conscious at that time. Plaintiff says that Defendants Fipps, Henderson, and Williams allowed him to be placed in solitary even though they were aware of his condition.

Plaintiff claims that Cobb gave him a false conduct violation. And Plaintiff alleges that Defendants Short and Sachse refused to answer notes he sent to them or allow him to call his family so that he could tell them of his condition.

## Discussion

Plaintiff's claims against Fipps, Henderson, and Williams for allowing him to be placed in solitary confinement while barely conscious and vomiting survive initial review under 28 U.S.C. § 1915(e). As a result, the Court will order the Clerk to serve process on these Defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where Plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured Plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff's claim that Tripp

talked to him and his fellow inmates and handed them a substance that appeared to be tobacco fails to state a claim because Plaintiff does not allege facts showing that Tripp caused him to become ill. Additionally, Plaintiff's claims that Sachse and Short did not answer his notes or allow him to contact his family for a short time period do not show that these Defendants were personally responsible for any violation of Plaintiff's rights.

Plaintiff's allegation that Cobb yelled at him and "manhandled" him while he was sick do not state a claim under § 1983 because these allegations do not rise to the level of a constitutional violation and are conclusory. Furthermore, Plaintiff's claim that Cobb gave him a false conduct violation is not actionable under § 1983. See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam).

The complaint fails to state a claim against the Missouri Department of Corrections because an agency exercising state power is not a "person" subject to a suit under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

To state a claim against Corizon, Plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). There are no such allegations, and therefore, the complaint fails to state a claim against Corizon.

Because Plaintiff is pro se, the Court reminds him that dismissal of Defendants Department of Corrections, Corizon, Sachse, Short, Tripp, and Cobb is without prejudice. Plaintiff may file an amended complaint, stating the factual nature of his claims against

defendants, without leave of court, before a responsive pleading is filed.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  That is, if Plaintiff files an amended complaint, it must include all of his claims against all of the Defendants named therein.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.99 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Defendants Fipps, Henderson, and Williams.[1]

---

[1] These Defendants are alleged to be employees of Corizon, Inc., formerly known as Correctional Medical Services.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants Fipps, Henderson, and Williams shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Defendants Department of Corrections, Corizon, Sachse, Short, Tripp, or Cobb because, as to these Defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of April, 2012.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE